IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brian Musgrave, | ) | Civil Action No.: 2:25-cv-01823-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Nancy Mace and Jane/John Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT THEREOF**

The United States moves to dismiss the First Amended Complaint (ECF No. 20) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[1]

As an initial matter, the United States recognizes that a predicate issue before this Court is the pending Motion to Substitute (ECF No. 21), in which the United States asks to be substituted as the defendant on the majority of the claims in place of the Honorable Nancy Mace, United States Representative for the First Congressional District of South Carolina ("Congresswoman Mace") and Jane/John Does 1-5 ("Doe Defendants"). If the Court grants that Motion and substitutes the United States on the claims for libel *per se* (Causes of Action 1-11), defamation *per se* (Cause of Action 13), and conspiracy (Cause of Action 14)—which all seek actual and punitive damages— these claims should be dismissed because Plaintiff Brian Musgrave ("Plaintiff") has failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), and these claims are barred by that Act.

---

[1] Pursuant to Local Civ. Rule 7.04 (D.S.C.), the United States submits this motion without a separate memorandum because a full explanation of the motion is set forth herein and a separate memorandum would serve no useful purpose.

As for the remaining causes of action, these should be dismissed for lack of subject matter jurisdiction. The twelfth cause of action—called a "Bivens Claim"—seeks damages against Congresswoman Mace for an alleged violation of Plaintiff's "right to enjoy his life and his liberty." ECF No. 20, First Amended Complaint ("Am. Compl.") at 39, ¶¶ 198, 200. To the extent that this claim is against the Congresswoman in her official capacity, it is barred by the doctrine of sovereign immunity and should be dismissed.[2] And the fifteenth cause of action seeks "a permanent injunction to prevent the Defendants from continuing to defame the Plaintiff . . . ." Am. Compl. ¶ 216. This claim—which is based upon alleged tortious conduct—must be dismissed for lack of subject matter jurisdiction because the only relief available under the FTCA is money damages.

## I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(1) represents a challenge to the court's subject matter jurisdiction." *Hoblick v. United States*, 526 F. Supp. 3d 130, 132 (D.S.C. 2021), *aff'd*, No. 22-1430, 2023 WL 5275907 (4th Cir. Aug. 16, 2023) (internal citation omitted). Subject matter jurisdiction is a threshold issue that must be decided before reaching the merits. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479-80 (4th Cir. 2005). "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1) . . . ." *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (internal citations omitted).

When analyzing a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting

---

[2] The Congresswoman has separately moved to dismiss the twelfth "Bivens" cause of action. *See* ECF No. 24. To the extent that this claim is against Nancy Mace in her individual capacity, it must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons stated in the Congresswoman's Motion to Dismiss.

the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted). A court should grant a motion to dismiss based on lack of subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Here, the United States has submitted one exhibit with its motion to dismiss. *See* Exhibit 1 (Declaration of S. Clouse). This Court may consider this document when determining whether it has subject matter jurisdiction. *See, e.g.*, *Price v. City of Rock Hill*, No. 0:21-cv-02686-TLW, 2022 WL 9822178, at *6 (D.S.C. Oct. 17, 2022) (considering, on a motion to dismiss, a declaration "by the Office of General Counsel, United States House of Representatives" regarding the plaintiff's failure to "administratively present[] his defamation claim against Representative [Ralph] Norman to the House").

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brought this lawsuit against Congresswoman Mace and the Doe Defendants. *See* Am. Compl. at 1. Plaintiff alleges that he suffered injuries primarily arising out of a speech that the Congresswoman delivered on the House floor and publicity surrounding the speech, including the release of the speech to the press, posts on X, an interview on the One America News Network, and the hanging of a poster outside of the Congresswoman's office. *See id.* at ¶¶ 54, 58, 71-104. The First Amended Complaint asserts causes of action for libel *per se* (Causes of Action 1-11) and a "Bivens Claim" (Cause of Action 12), as well as causes of action for defamation *per se* (Cause of Action 13), conspiracy (Cause of Action 14), and, in the alternative, for permanent injunctive relief (Cause of Action 15).

3

The United States has filed a motion to substitute itself as the only defendant in this case on the majority of Plaintiff's claims, pursuant to the FTCA. *See* ECF No. 21. The FTCA is the "exclusive" remedy for money damages for alleged personal injury caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(a)-(b)(1). In support of its motion, the United States attached a certification from the United States Attorney for the District of South Carolina, stating that Congresswoman Mace was acting within the scope of her office or employment as a Member of Congress and that the Doe Defendants were acting within the scope of their office or employment as Congressional staff at the time of the alleged conduct. *See* ECF No. 21-1. If this Court grants the United States' pending motion and substitutes the United States as the defendant on Plaintiff's causes of action for libel *per se*, defamation *per se*, and conspiracy, these claims—as well as the cause of action for injunctive relief—are subject to dismissal for the reasons below.

## III. ARGUMENT

**A.  Because Plaintiff has failed to exhaust his administrative remedies under the FTCA, there is no subject matter jurisdiction over his claims for libel *per se*, defamation *per se*, and conspiracy.**

Upon substituting the United States as the only defendant on the claims for libel *per se*, defamation *per se*, and conspiracy, this Court should dismiss these claims for lack of subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies pursuant to the FTCA. Once the United States is substituted as a party for Congresswoman Mace and the Doe Defendants on those claims, this lawsuit continues against the United States under the FTCA, "subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4). This Act "contains a limited waiver of sovereign immunity, subject to numerous exceptions." *Price*, 2022 WL 9822178, at *6 (citing 28 U.S.C. § 2680). As such, the FTCA is "strictly

4

construed, and all ambiguities are resolved in favor of the sovereign." *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996) (internal citations omitted).

The FTCA has a procedure for bringing an action against the United States. Section 2401(b) requires that a tort claim against the United States be "presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). And section 2675(a) mandates that an action "not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally decided by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

In the Fourth Circuit, "[i]t is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (internal citation omitted). *See also Estate of Van Emburgh by and through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976), *cert. denied*, 429 U.S. 979 (1976).

Nowhere in the First Amended Complaint does Plaintiff allege that he exhausted his administrative remedies. The United States House of Representatives has also not received any administrative claim from Plaintiff. *See* Exhibit 1 (Declaration of S. Clouse). Without proof that Plaintiff properly presented his claims under the FTCA, the claims for libel *per se*, defamation *per se*, and conspiracy should be dismissed for lack of subject matter jurisdiction.

B.  **Alternatively, Plaintiff's claims for libel *per se*, defamation *per se*, and conspiracy are barred by the FTCA and should be dismissed for lack of subject matter jurisdiction.**

Even if Plaintiff had administratively presented his claims for libel *per se*, defamation *per se*, and conspiracy to the United States House of Representatives, this Court would still lack subject matter jurisdiction because the FTCA does not waive sovereign immunity for these claims.

As discussed above, the FTCA constitutes "a general waiver of sovereign immunity . . . subject to various exceptions." *Talbert v. United States*, 932 F.2d 1064, 1065-66 (4th Cir. 1991) (internal citations omitted). One such exception provides that the United States is not liable for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander,* misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h) (emphasis added). As such, there is no subject matter jurisdiction over Plaintiff's libel *per se* claims (Causes of Action 1-11). Nor is there subject matter jurisdiction over Plaintiff's defamation *per se* claim (Cause of Action 13). Since the FTCA preserves "sovereign immunity against defamation actions[,]" these claims must be dismissed. *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012).

Similarly, Plaintiff's conspiracy claim (Cause of Action 14) is barred under the FTCA. "The established rule is that a cause of action for civil conspiracy requires a separate underlying tort as a predicate for liability." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 789 (3d Cir. 1999). *See also Paradis v. Charleston Cty. Sch. Dist.*, 861 S.E.2d 774, 781 (S.C. 2021) (refusing to rule on whether the South Carolina Supreme Court "has or ever will recognize an exception to the general rule . . ." that "requires an underlying actionable wrong or tort . . ."); *Grimes v. D.C., Bus. Decisions Info. Inc.*, 89 A.3d 107, 115 (D.C. 2014) (Under D.C. law, "[c]ivil conspiracy is not an independent tort but only a means for establishing vicarious

6

liability for an underlying tort.") (internal quotation marks and citation omitted). "[W]hile a claim for conspiracy is not expressly exempted from the statutory waiver, such a claim may still be barred if it *arises out of* conduct that would establish an excepted cause of action." *Marshall v. United States*, No. 2:24-cv-04208-RMG-MGB, 2025 WL 1169187, at *5 (D.S.C. Mar. 26, 2025), *report and recommendation adopted*, 2025 WL 1167407 (D.S.C. Apr. 22, 2025) (internal citations and quotation marks omitted) (emphasis added). The phrase "arising out of" in 28 U.S.C. § 2680(h), has been interpreted broadly to include torts beyond those listed in this section. For example, a plurality of the Supreme Court explained that "[s]ection 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery." *United States v. Shearer*, 473 U.S. 52, 55 (1985) (opinion of Burger, C.J.) (emphasis in original). Likewise, the Fourth Circuit has held that the "arising out of" language in the FTCA encompasses not just direct claims for libel or slander but a broader category of claims "resound[ing] in the heartland of the tort of defamation . . . [where] the injury is to reputation; the conduct is the communication of an idea, either implicitly or explicitly." *Talbert*, 932 F.2d at 1067 (internal quotation marks and citation omitted).

Here, the conspiracy claim (Cause of Action 14) should be dismissed because the necessary predicate—defamation—is a tort for which the United States is immune. The First Amended Complaint alleges that the Congresswoman and Doe Defendants "combined together to inflict special harm on the Plaintiff through their conduct as described herein." Am. Compl. ¶ 208. That conduct consisted of allegedly publishing "a number of false allegations against the Plaintiff[,]" which Plaintiff repeats throughout the First Amended Complaint. *Id.* at ¶¶ 127-28, 133-34, 139-40, 145-46, 151-52, 157-58, 163-64, 169-70, 175-76, 181-82. Plaintiff seeks damages that flow from this conduct. *Id.* at ¶ 210. At bottom, the "gravamen of [Plaintiff's] . . .

7

claim is the [Defendants'] communication of untrue statements about [Plaintiff]." *Talbert*, 932 F.2d at 1066. "Artful pleading" cannot obscure the fact that the conspiracy claim concerns the same conduct giving rise to the defamation claim. *Id.* Because the United States is immune from this underlying tort, Plaintiff cannot bring a conspiracy claim against the United States premised on that tort. Accordingly, the conspiracy claim should be dismissed for lack of subject matter jurisdiction.

  **C. The Court lacks subject matter jurisdiction over Plaintiff's "Bivens claim" against the Congresswoman in her official capacity.**

Plaintiff's twelfth cause of action—which the First Amended Complaint calls a "Bivens claim"—seeks damages from the Congresswoman for allegedly depriving "Plaintiff of his right to enjoy his life and his liberty." Am. Compl. at 39, ¶¶ 198, 200. The First Amended Complaint does not state whether the Congresswoman is being sued in her individual or official capacity. To the extent that Plaintiff is suing the Congresswoman in her official capacity for an alleged constitutional violation, this claim is barred by the doctrine of sovereign immunity.

A lawsuit against "a public employee in his or her *official* capacity is a suit against the public employer"—here, the "United States itself, as the entity that employs the official." *Johnson v. Jansen*, No. 9:23-cv-02537-DCC-MHC, 2024 WL 5515153, at *5 (D.S.C. Dec. 5, 2024), *report and recommendation adopted*, No. 9:23-cv-02537-DCC, 2025 WL 1081006 (D.S.C. Apr. 10, 2025) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) (emphasis added). The United States, as a sovereign, "has not waived sovereign immunity in suits claiming constitutional torts . . . ." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) (internal citation omitted). *See also Hunter v. United States Gov't*, No. 0:20-cv-2965-RMG, 2021 WL 1560444, at *3 (D.S.C. Apr. 21, 2021) ("[T]o the extent Plaintiff seeks monetary damages against the individual defendants in their official capacities, they

are protected by sovereign immunity.") (citing *Kentucky*, 473 U.S. at 165; *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002)). "Similarly, this sovereign immunity extends to the United States Congress when it is sued as a branch of the government." *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 590 U.S. ---, 140 S. Ct. 1721 (2020) (citing *Keener v. Congress of U.S.*, 467 F.2d 952, 953 (5th Cir. 1972)). *See also Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) (concluding that sovereign immunity foreclosed claims against Representative and Senator defendants acting in their official capacities). Consequently, to the extent that Plaintiff's twelfth cause of action is against the Congresswoman in her official capacity based on an alleged constitutional violation, this claim is barred by sovereign immunity and should be dismissed.

D. **The FTCA precludes both punitive damages and injunctive relief.**

The First Amended Complaint also seeks punitive damages and permanent injunctive relief, *see* Am. Compl. at 43, ¶¶ 211-217, but neither remedy is available against the substituted United States. Plaintiff alleges that he is entitled to an award of punitive damages in Causes of Action 1-14. *Id.* at ¶¶ 130, 136, 142, 148, 154, 160, 166, 172, 178, 184, 192, 200, 206, 210. And Plaintiff alleges, in the "[a]lternative[,]" in Cause of Action 15, that he is entitled to "[t]he issuance of a permanent injunction to prevent the Defendants from continuing to defame the Plaintiff . . . ." *Id.* at 42, ¶ 216.

Under the FTCA, the United States is not liable "for punitive damages[,]" 28 U.S.C. § 2674, and the "*only* relief" available under this statute is "money damages." *Talbert*, 932 F.2d at 1065-66 (internal quotation marks and citation omitted) (emphasis added). This remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government . . . is *exclusive* of any other civil action or proceeding for

money damages . . . ." 28 U.S.C. § 2679 (emphasis added). Although Plaintiff asks this Court to award punitive damages and injunctive relief, this Court "lack[s] jurisdiction under the FTCA to accord it." *Talbert*, 932 F.2d at 1066. Therefore, the fifteenth cause of action must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter an order dismissing the First Amended Complaint.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

*s/Kimberly V. Hamlett*
Kimberly V. Hamlett (#14049)
Assistant United States Attorney
United States Attorney's Office
151 Meeting Street, Suite 200
Charleston, South Carolina 29401
Phone: (843) 266-1673
Email: Kimberly.Hamlett@usdoj.gov

*s/Robert M. Sneed*
Robert M. Sneed (#07437)
Assistant United States Attorney
United States Attorney's Office
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
Phone: (864) 282-2100
Email: Robert.Sneed@usdoj.gov

July 11, 2025