IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Brian Musgrave, | ) | Civil Action No.: 2:25-CV-01823-RMG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MOTION TO SEAL** |
| vs. | ) | **WITH MEMORANDUM IN SUPPORT** |
| | ) | |
| Nancy Mace and Jane/John Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Local Rule 5.03, Plaintiff hereby seeks to file the following *redacted* documents attached as exhibits to Plaintiff's Memorandum in Opposition to Certification of Scope of Employment pursuant to 28 U.S.C. 2679(D) and Memorandum in Opposition to Substitute the United States of America under seal for the following reasons:

1. Exhibit A 11/13/23 letter
    a. Reason to Seal: Address redacted as per Rule 5.2, FRCP.
2. Exhibit B Deposition of Wesley Donehue
    a. Reason to Seal: To protect the identity of the Jane Doe Plaintiff in Case No.: 2025-CP-10-00981 filed in Charleston County.
3. Exhibit D Affidavit of John Mason Long
    a. Reason to Seal: To protect the identity of the Jane Doe Plaintiff in Case No.: 2025-CP-10-00981 filed in Charleston County.
4. Exhibit F Affidavit of Vicki Pittman
    a. Reason to Seal: Address redacted and minor child name redacted as per Rule 5.2, FRCP.

1

      b. Reason to Seal: The redacted portions contain salacious and irrelevant information to the matters before the Court.

As per *Ashcroft v. Conoco, Inc*. 218 F.3d 288, (4th Cir. 200), "[u]nder established Fourth Circuit precedent, before a district court may seal any court documents, it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. See *In re Knight Pub. Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984); *Stone v. University of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)."

As per *Ashcroft*, this motion is hereby made in order to give the public notice of Plaintiff's request to seal. The Plaintiff cannot determine a less drastic alternative to making the minimal redactions to the above-listed exhibits and filing the original documents under seal. Finally, as per *Ashcroft*, the specific reasons for the requested minimal redactions are listed above.

## CONCLUSION

Therefore, the above-named exhibits, absent redactions, are hereby provided to the Court for *in camera* review to rule on Plaintiff's Motion to Seal which requests to file redacted versions of the exhibits instead of the original unredacted versions.

{SIGNATURE PAGE TO FOLLOW}

| | |
|---|---|
| Charleston, South Carolina<br>July 25, 2025 | **BLAND RICHTER, LLP**<br>*Attorneys for Plaintiff*<br><br>*s/Ronald L. Richter, Jr.*<br>Ronald L. Richter, Jr. (Federal Bar No. 6264)<br>*s/Scott M. Mongillo*<br>Scott M. Mongillo (Federal Bar No. 7436)<br>18 Broad Street, Mezzanine<br>Charleston, South Carolina 29401<br>t: 843.573.9900 \| f: 843.573.0200<br>ronnie@blandrichter.com<br>scott@blandrichter.com<br><br>*s/Eric S. Bland*<br>Eric S. Bland (Federal Bar No. 5472)<br>105 West Main Street, Suite D<br>Lexington, SC 29072<br>t: 803.256.9664 \| f: 803.256.3056<br>ericbland@blandrichter.com |

## INDEX OF DOCUMENTS

1. Exhibit A 11/13/23 letter
2. Exhibit B Deposition of Wesley Donehue
3. Exhibit D Affidavit of John Mason Long
4. Exhibit F Affidavit of Vicki Pittman

## COUNSEL'S CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 5.03(B)(2) the above-named attorneys hereby certify by their signatures above that they have complied with Local Rule 5.03 to the best of their abilities and understanding of the rule.