# Exhibit A

# URICCHIO, HOWE, KRELL, JACOBSON, TOPOREK, & KEITH, P.A.

ATTORNEYS AT LAW
17½ BROAD STREET
CHARLESTON, SC 29401

PAUL N. URICCHIO, JR. (1922-2000)
ARTHUR G. HOWE (1927-2004)
BARRY KRELL
CARL H. JACOBSON
ALAN D. TOPOREK
GREGORY D. KEITH
JONATHAN F. KRELL
JEFF BUNCHER, JR.
J. DEVEAUX STOCKTON
MATTHEW T. REITZ

MAILING ADDRESS:
P.O. BOX 399
CHAS., SC 29402-0399

TELEPHONES:
(843) 723-7491
1-800-899-1683
FAX (843) 577-4178

November 13, 2023

**VIA PROCESS SERVER**
Brendan P. Bryant
████████████████
Isle of Palms, SC 29451

Re: Surreptitious Recordings of Nancy Mace

Dear Mr. Bryant,

This firm along with Steve and Kate Schmutz represent Nancy Mace for damages arising from your voyeuristic audio and video recordings of Ms. Mace in violation of S.C Code Ann. Sec. §16-17-470.

This statute states, "A person commits the crime of voyeurism if, for the purpose of arousing or gratifying sexual desire of any person, he or she knowingly views, photographs, audio records, video records, produces, or creates a digital electronic file, or films another person, without that person's knowledge and consent, while the person is in a place where he or she would have a reasonable expectation of privacy." The statute continues that a person would have a reasonable expectation of privacy" in a place where a reasonable person would believe that he or she could disrobe in privacy, without being concerned that his or her undressing was being photographed, filmed, or videotaped by another.

We are in possession of substantial evidence of numerous such recordings you have made. Based on our investigation, you have violated all elements of this statute which potentially exposes you to civil liability including actual and punitive/exemplary damages.

You should forward this letter to your attorney immediately so that I may discuss the preservation of all documents and Electronically Stored Information (hereafter "ESI") in your

possession, custody and/or control. The ESI and documents constitute evidence against you in a potential civil action and it shall be maintained in its original condition and not be altered, amended, edited, deleted or destroyed.

In the event you do not have an attorney, you are hereby instructed to confirm that you have taken the steps outlined below to preserve ESI and tangible documents potentially relevant to this matter. If you have not undertaken the steps outlined below or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

Considering the disastrous financial consequences you face from your illegal recordings of Ms. Mace, you should seek the advice of your attorney and provide him or her with a copy of this letter and ask him or her to contact me immediately. Should you choose not to consult counsel in this matter, please call me immediately at my office, 843-723-7491, or my mobile phone, 843-270-5847.

### PRESERVATION OF MATERIAL

Additionally, this letter is formal notice that you preserve all documents, tangible things, and electronically stored information and files potentially relevant to the issues in the above-referenced matter. As used in this letter the terms "you" refers to you, your family members, all businesses and entities controlled or operated by in which you have any interest, and any predecessors, successors, parents, subsidiaries, division, or affiliates, and its respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

This demand includes the preservation and retention of all documents, records, files, and data relating in any way to: Yourself or Ms. Mace whether by written or hard copy format or by electronic or digital format of either you or anyone acting on your behalf. You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems, laptops, online repositories, cloud services, electronic or digital apps, hard drives, cameras and cell phones.

ESI should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, digitally, magnetically or optically stored as:

1. Digital communications (e-mail, voicemail, instant messaging, sms messaging, text messaging, messaging apps, etc.);
2. Word processing documents (Word, WordPerfect, Google documents or any other documents and drafts, etc.);
3. Spreadsheets and Tables (Excel, Lotus123, Google spreadsheets or other worksheets, etc.);
4. Accounting Application Data (Quickbooks, Money, Peachtree Data Files);