IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Brian Musgrave, | ) | Civil Action No.: 2:25-CV-01823-RMG |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **NOTICE OF MOTION AND MOTION FOR LIMITED DISCOVERY** |
| Nancy Mace and Jane/John Does 1-5, | ) | |
| Defendants. | ) | |

COMES NOW THE PLAINTIFF, Brian Musgrave, by and through his undersigned counsel, who seeks limited discovery on the subject matter of Nancy Mace's employment as the same relates to a speech she delivered on the floor of Congress, February 10, 2025, along with other, related "off the floor" conduct. This motion is based upon the following grounds, as well as upon such additional argument, authority and/or evidence as may be presented at the time of hearing.

While the Plaintiff stands in stunned incredulity that the United States Attorney has certified all of Ms. Mace's conduct as described in the First Amended Complaint was conduct within the course and scope of her employment as a member of the United States Congress, Plaintiff accepts that the certification has been made. As such:

> [T]he plaintiff has the burden of persuasion to *refute* the *certification* of *scope of employment* issued by the Attorney General and to prove by a *preponderance* of the evidence that the defendants were not acting within the *scope* of their *employment*. If the plaintiff presents persuasive evidence *refuting* the *certification*, the burden shifts to the United States to provide evidence and analysis to support its conclusion that the torts occurred within the *scope of employment*. To carry its burden, the plaintiff must submit specific evidence or the forecast of specific evidence that contradicts the Attorney General's *certification* decision, not mere conclusory allegations and speculation. *Borneman v. United States, 213 F.3d 819, 827 (4th Cir. 2000)* (internal quotation marks and citations omitted).

1

While the Plaintiff has submitted evidence known to him to date on the subject matter of Ms. Mace's employment, her February 10, 2025 speech and her other "off the floor" conduct and communications, the Plaintiff urges the Court that consistent with the holding in *Borneman*, it would be appropriate to grant the Plaintiff limited discovery:

> Nevertheless, limited *discovery* should sometimes be permitted to resolve factual disputes concerning the *scope-of-employment* issue. *Id. at 827*. However, "[a]t all stages of the process, it is for the district court to weigh the sufficiency of the evidence, to determine whether genuine issues of fact exist, and ultimately to resolve these factual issues." *Id. at 827*.

The Plaintiff has the right to develop and present the Court with a full set of facts in order for it to determine whether Nancy Mace acted within the course and scope of her employment as a member of the United States Congress, the Plaintiff respectfully submits that he is entitled to and the Court should order limited discovery as follows:

a. That Ms. Mace produce all evidence that supports her sworn testimony from the floor of Congress that Brian Musgrave is a rapist, a sex trafficker and/or a predator;

b. That Ms. Mace produce all communications that involve, in whole or in part, the decision to add the name and image of Brian Musgrave to her floor speech;

c. That Ms. Mace produce all communications that involve, in whole or in part, the financial dispute between herself and Patrick Bryant following the dissolution of their romantic relationship;

d. That Ms. Mace make herself available for a deposition limited to the evidence that she contends supports her sworn testimony that Brian Musgrave is a rapist, a sex trafficker and a predator, and to Ms. Mace's efforts to recruit witnesses to support her claims that Patrick Bryant (and/or others) is a rapist, sex trafficker and predator; and

e. That the Court permit the Plaintiff to subpoena other key witnesses identified herein to be deposed with regard to Ms. Mace's efforts to recruit them into her campaigns of blackmail and defamation.

These issues are integral to the scope of employment and to whether Ms. Mace departed from the central purposes of her employment in her pursuit of personal objectives. In addition, Ms. Mace has already consented publicly to discovery: "I dare these folks, these predators, to sue me because I am very much look forward to discovery." Nancy Mace, "Louder with Crowder" Podcast, May 22, 2025. Discovery will demonstrate that there would never have been a floor speech or the other extra-curricular activities that form the basis of Musgrave's Complaint had Patrick Bryant succumbed to Ms. Mace's financial demands. Ms. Mace made financial demands using the threat of releasing ill-gotten photographs to destroy Patrick Bryant. Using the floor of Congress and other media avenues to punish an ex-lover who refused to cave to demands for millions of dollars cannot be conduct within the course and scope of one's employment as a member of Congress. Even further removed is the matter of Brian Musgrave. Having seen no evidence to date from Ms. Mace that Brian Musgrave is a rapist, a sex trafficker and a predator, and assuming that no such evidence exists, how could it possibly be within Ms. Mace's scope of employment to use the power of her office to make Brian Musgrave the unwitting poster boy for crimes against women and to destroy his reputation in the process?

The Plaintiff respectfully submits that he is entitled to the discovery as set forth herein and prays that the Court hold in abeyance its ruling on the Certification by the United States Attorney, order the additional discovery described herein and afford the Plaintiff an opportunity to supplement his opposition to the Certification accordingly.

{SIGNATURE PAGE TO FOLLOW}

Charleston, South Carolina
July 25, 2025

**BLAND RICHTER, LLP**
*Attorneys for Plaintiff*

*s/Ronald L. Richter, Jr.*
Ronald L. Richter, Jr. (Federal Bar No. 6264)
*s/Scott M. Mongillo*
Scott M. Mongillo (Federal Bar No. 7436)
18 Broad Street, Mezzanine
Charleston, South Carolina 29401
t: 843.573.9900 | f: 843.573.0200
ronnie@blandrichter.com
scott@blandrichter.com

*s/Eric S. Bland*
Eric S. Bland (Federal Bar No. 5472)
105 West Main Street, Suite D
Lexington, SC 29072
t: 803.256.9664 | f: 803.256.3056
ericbland@blandrichter.com